IN THE UNITED STATES DISTRICT COURT
FOR WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH THE CELLULAR DEVICE ASSIGNED CALL NUMBER **(901) 304-1224,** THAT IS STORED AT PREMISES CONTROLLED BY **AT&T WIRELESS** | Case No. __22-SW-253__<br><br>**Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Kevin Lufbery, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant for information associated with a certain cellular telephone assigned call number **(901) 304-1224**, ("the SUBJECT PHONE"), that is stored at premises controlled by **AT&T WIRELESS**, a wireless telephone service provider. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. § 2703(c)(1)(A) to require **AT&T WIRELESS** to disclose to the government copies of the information further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review the information to locate items described in Section II of Attachment B.

2. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and have been so employed since March 2018. As an ATF agent, I have completed training in the field of criminal investigation through the Criminal Investigator Training Program at the Federal Law Enforcement Training Center and have completed specialized training in the fields of firearms, explosives, arson, and the federal law and

regulations pertaining thereto, through the ATF National Academy. I routinely refer to and utilize these laws and regulations during the course of my official duties.

3. I am currently assigned to ATF Nashville Field Division, Memphis Field Office. My duties include but are not limited to: the investigation of violations of federal firearms, arson, explosives laws, and other federal laws and regulations against the United States of America within the Western District of Tennessee. I have been the affiant on numerous affidavits for criminal investigations, arrest warrants and search warrants for various violations of federal and state laws and regulations relating to firearms and narcotics. I have participated in the use of cooperating informants, undercover agents, pen register/trap and trace devices, video surveillance, wiretaps, GPS tracking devices, search warrants, and audio surveillance, among other law enforcement techniques, in the course of my career with ATF. Additionally, I have participated in numerous controlled buys of firearms and narcotics from targets of law enforcement investigations. Based on training and experience, I am familiar with methods used for firearms trafficking, narcotics trafficking, and a variety of means to launder illegal proceeds. I have also conducted successful physical and forensic examinations of electronic communications devices. I am an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. §2510(7), and am empowered by law to conduct investigations and to make arrests for offenses enumerated in 18 U.S.C. §2516.

4. Based on my training and experience, I am familiar with the methods of operation employed by firearms and narcotics traffickers operating at the local, state, national and international levels, including those involving the distribution, storage, and transportation of illegal firearms and narcotics. Additionally, I am familiar with the techniques that traffickers use to collect the money that is received as proceeds of those activities.

5. I am aware that individuals or organizations involved in illegal activity commonly use cellular telephones in furtherance of those crimes. I am also aware that these individuals or organizations often speak in vague, guarded, or coded language when discussing their illegal business in an effort to further prevent detection.

6. I am acquainted with all aspects of the investigation described below. I have personally participated in this investigation and have witnessed many of the facts and circumstances described herein. I also have reviewed documents obtained during the course of the investigation.

7. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

8. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C § 1959 have been committed by the user of the SUBJECT PHONE. There is also probable cause to believe that the location information described in Attachment B will constitute evidence of these criminal violations, and will lead to the identification of individuals who are engaged in the commission of these offenses. There is also probable cause to search the information described in Attachment A for evidence, instrumentalities, contraband, or fruits of these crimes as further described in Attachment B.

## PROBABLE CAUSE

9. The United States, including the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") Memphis Field Office, is conducting a criminal investigation into the Junk Yard Dogs subset of the Traveling Vice Lords street gang, based in Fayette County, Tennessee.

On June 9, 2022, a federal grand jury seated in the Western District of Tennessee returned an indictment charging a total of fourteen (14) individuals with numerous crimes, including Title 18 United States Code Section Title 18 U.S.C. § 1962(d) – Conspiracy to Commit RICO; Title 18 U.S.C. § 1959(a)(1) – Murder in Aid of Racketeering (VCAR); Title 18 U.S.C. § 1959(a)(5) – Attempted Murder in Aid of Racketeering (VCAR); Title 18 U.S.C. § Section 924(c) – Use of firearm during and in relation to murder/attempted murder; Title 18 U.S.C. § 924(j) – Causing death through the use of a firearm; and Title 18 U.S.C. § Section 922(g)(1)- Convicted Felon in Possession of a Firearm. The defendants charged in the indictment are: Tomarcus BASKERVILLE aka "TC." Martivus BASKERVILLE aka "Tavis," Curtis BASKERVILLE aka "CB," Courtland SPRINGFIELD aka "Hotbox," Davaius WORRLES aka "Mighty," Montaveen TAYLOR aka "CGE Tay," Chris PEELER aka "Lil Chris," Thomas SMITH aka "TJ," Mardarius MCNEAL, Deandra RIVERS aka "Dre," Torrance FITZPATRICK aka "Phat," Deonte WALKER aka "Tez," Trevin HULLOM aka "Scooter," and Bianca JACKSON.

10. Starting in approximately June 2019, members of the Junk Yard Dogs in Fayette County, TN began performing acts of violence, namely shootings, targeting members of rival street gangs, specifically the Gangster Disciples and 4 Corner Hustlers street gangs. However, these shootings also endangered and injured people not associated with the rival gangs. This series of shooting culminated in a homicide on August 23, 2020 at **1101 Brewer Rd, Somerville, TN**.

11. Junk Yard Dog members Martivus Baskerville, Montaveen Taylor, and Deandra Rivers, accused of committing the aforementioned homicide, gave statements to Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Special Agent (SA) Kevin Lufbery and other

law enforcement officers. These were statements regarding specific violent acts performed by the Junk Yard Dogs against rival street gang members. These violent acts include:

    a.    a shooting on June 17, 2020, at approximately 22:24 CST, at **385 Webb Street, Whiteville TN**;

    b.    a shooting on June 17, 2020, at approximately 23:08 CST, at **138 Kay Lane, Somerville, TN**;

    c.    a shooting on August 9, 2020, at approximately 23:07 CST, at **16710 Highway 57, Moscow, TN**; and

    d.    a shooting on August 10, 2020, at approximately 23:02 CST, at **3447 Highway 59, Mason, TN.**

12. The statements given by Junk Yard Dog members Martivus Baskerville, Montaveen Taylor, and Deandra Rivers also identified the Junk Yard Dog members responsible for these shootings. The basis of each member's knowledge varied from participating in the shootings themselves, to witnessing the shootings, to hearing about the shootings first or second-hand, to overhearing the conversations of others.

13. Because the range of knowledge of the events varied, and because the three Junk Yard Dog members who gave statements were all doing so because they were alleged to have committed a homicide, your affiant sought to corroborate their statements regarding who committed the shootings listed above.

14. On June 7, 2021, agents with ATF, through the United States Attorney's Office, initiated a 2703(d) court order signed by the Honorable United States Magistrate Judge Charmiane Claxton requiring cellular service providers to furnish the United States with cellular telephone tower data related to the times and addresses listed above. The purpose of this order

was to show whether or not phone numbers associated with the Junk Yard Dog members named by Martivus Baskerville, Montaveen Taylor and/or Deandra Rivers were present in specific locations during the aforementioned shootings.

15. The data provided by these service providers revealed that numerous phone numbers associated with the Junk Yard Dog members were within the vicinity of the aforementioned shootings at the approximate time(s) of those shooting(s). The provided data confirmed intelligence gathered from the interview(s) of Martivus Baskerville, Montaveen Taylor and/or Deandra Rivers.

16. During the course of this investigation, Firearm Transaction Records were requested from Federal Firearm Licensees in relation to firearm purchases made by members of the Junk Yard Dogs. The Firearm Transaction Records contain identifying information on the individual purchasing a firearm from the Federal Firearm Licensee. On the Firearm Transaction Records for Deandra Rivers, the cell phone number associated with Deandra Rivers is listed as **(901) 304-1224** (SUBJECT PHONE).

17. On November 12, 2021, the Honorable United States Magistrate Judge Charmiane Claxton issued eight (8) Search Warrants (21-SW-370, 21-SW-371, 21-SW-372, 21-SW-373, 21-SW-374, 21-SW-375, 21-SW-376, 21-SW-377) requiring service provider AT&T to furnish the United States with historical cell-site information, subscriber information, call/text detail records, and GPS location data for eight (8) individual phone numbers associated with members of the Junk Yard Dogs related to the aforementioned shootings on June 17, 2020, August 9, 2020, and August 10, 2020.

18. The data provided by service provider AT&T, pursuant to the aforementioned Search Warrants, revealed that the phone numbers associated with the search warrants were

within the vicinity of the aforementioned shootings at the approximate time(s) of those shooting(s). The provided data confirmed intelligence gathered from the interview(s) of Martivus Baskerville, Montaveen Taylor and/or Deandra Rivers.

19. During an interview with Deandra Rivers, on August 12, 2021, Deandra Rivers stated that the shooting at **1101 Brewer Rd, Somerville, TN** on August 23, 2020 was carried out by the following Junk Yard Dogs members: Deandra Rivers (driver), Martivus Baskerville (shooter) Montaveen Taylor (shooter), Courtland Springfield (shooter) and Bianca Jackson (driver). During the same interview, Deandra Rivers stated the phone number (901) 304-1224 was Rivers' phone number.

20. During an interview with Martivus Baskerville, on March 24, 2021, Martivus Baskerville stated that the shooting at **1101 Brewer Rd, Somerville, TN** on August 23, 2020 was carried out by the following Junk Yard Dogs members: Martivus Baskerville (shooter) Montaveen Taylor (shooter), Courtland Springfield (shooter), Deandra Rivers (driver), Bianca Jackson (driver), Kamaria Kamiruri (passenger). Martivus Baskerville stated the intention of the shooting was to kill the Gangster Disciples at the Brewer party as retaliation for shooting Tomarcus Baskerville's mother in a prior incident.

21. During an interview with Montaveen Taylor, on March 31, 2021, Montaveen Taylor stated that the shooting at **1101 Brewer Rd, Somerville, TN** on August 23, 2020 was carried out by the following Junk Yard Dogs members: Martivus Baskerville (shooter) Montaveen Taylor (shooter), Courtland Springfield (shooter), Deandra Rivers (unknown role), Bianca Jackson (driver), and Kamaria Kamiruri (passenger).

22. Based on the data obtained from the Service Providers under the aforementioned 2703(d) order and Search Warrants, which confirmed intelligence gathered from the interview(s)

of Martivus Baskerville, Montaveen Taylor and/or Deandra Rivers, and on the intelligence gathered during the interviews of Deandra Rivers, Martivus Baskerville, and Montaveen Taylor mentioned above, your affiant believes the SUBJECT PHONE was present during the shooting at **1101 Brewer Rd, Somerville, TN** on August 23, 2020.

23. It is your affiant's belief based on the investigation to date that historical cell-site information, subscriber information, call/text detail records, and GPS location data for the SUBJECT PHONE will assist the ATF in verifying the individual, and identifying other potential individuals, responsible for the shooting at **1101 Brewer Rd, Somerville, TN** on August 23, 2020.

**WIRELESS PROVIDER**

24. In my training and experience, I have learned that **AT&T WIRELESS** is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including cell-site data, also known as "tower/face information" or "cell tower/sector records." Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data provides an approximate location of the cellular telephone but is typically less precise than other types of location information, such as E-911 Phase II data or Global Positioning Device ("GPS") data.

25.     Based on my training and experience, I know that **AT&T WIRELESS** can collect cell-site data about the SUBJECT PHONE. I also know that wireless providers such as **AT&T WIRELESS** typically collect and retain cell-site data pertaining to cellular phones to which they provide service in their normal course of business in order to use this information for various business-related purposes.

26.     Based on my training and experience, I know that wireless providers such as **AT&T WIRELESS** typically collect and retain information about their subscribers in their normal course of business. This information can include basic personal information about the subscriber, such as name and address, and the method(s) of payment (such as credit card account number) provided by the subscriber to pay for wireless telephone service. I also know that wireless providers such as **AT&T WIRELESS** typically collect and retain information about their subscribers' use of the wireless service, such as records about calls or other communications sent or received by a particular phone and other transactional records, in their normal course of business. In my training and experience, this information may constitute evidence of the crimes under investigation because the information can be used to identify the SUBJECT PHONE's user or users and may assist in the identification of co-conspirators and/or victims.

## AUTHORIZATION REQUEST

27.     Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41.

28.     I further request that the Court direct **AT&T WIRELESS** to disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or control. Because the warrant will be served on **AT&T WIRELESS**, who will then

compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

29.     I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court.  These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation.  Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation, including by giving targets an opportunity to destroy or tamper with evidence, change patterns of behavior, notify confederates, and flee from prosecution.

Respectfully submitted,

*Kevin Lufbery*
Kevin Lufbery
Special Agent
Bureau of Alcohol, Tobacco, Firearms, and Explosives

Subscribed and sworn to before me on     6 September            , 2022

CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE